WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 22 2019

at 4 o'clock and 00 min. P M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LOUIS M. KEALOHA (2), <br><br> Defendant. | CR No. 18-00068 JMS-WRP <br><br><br> P L E A   A G R E E M E N T |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by its attorney, Attorney General William P. Barr, United States

Attorney Robert S. Brewer, Jr., and the Special Attorneys named herein, and the

ORIGINAL

Defendant, LOUIS M. KEALOHA ("Defendant"), and his attorney, Rustam A. Barbee, have agreed upon the following:

<u>THE PLEA</u>

1.      The parties have negotiated a global resolution in this case and CR No. 17-00582-JMS-WRP. This Agreement is contingent on Defendant entering a Sentencing Agreement in CR No. 17-00582 JMS-WRP at the same time this Agreement is entered. If Defendant fails to perform or breaches any part of this Agreement or the Sentencing Agreement in CR No. 17-00582 JMS-WRP, the United States shall be relieved from and not bound by any terms in either this Plea Agreement or the Sentencing Agreement.

2.      Defendant agrees to plead guilty to Count Four of the Third Superseding Indictment, charging Defendant with Bank Fraud, in violation of 18 U.S.C. § 1344. In addition, Defendant consents to the forfeiture allegations of the Third Superseding Indictment and agrees to restitution as provided below.

3.      In exchange for entering a plea pursuant to this Agreement, the United States agrees to (1) move to dismiss the remaining charges against Defendant in this case without prejudice at the time of sentencing, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches this Agreement or the Sentencing Agreement in CR No. 17-00582-JMS-WRP, or the guilty plea entered pursuant to this Agreement is set aside for any reason.

4. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

5. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## NATURE OF THE OFFENSE AND FACTUAL BASIS

6. Defendant has read the charges against him contained in the Third Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant understands that the offense to which Defendant is pleading guilty has the following elements:

    a. Defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

    b. Defendant knew that the statements or promises were false;

    c. The statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

    d. Defendant acted with the intent to defraud; and

    e. The financial institution was federally insured.

3

7.      Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.      At all relevant times, Defendant was a police officer for the Honolulu Police Department ("HPD"). Between November 2009 and January 2017, Defendant was HPD's Chief of Police. Defendant has an undergraduate degree in criminal justice and business administration, a graduate degree in criminal justice, and a doctorate degree in education.

b.      From January 1, 2009 through December 31, 2014, Defendant and his wife, Katherine P. Kealoha ("K. Kealoha"), spent more than $591,000 on their extravagant lifestyle, which was derived from: (1) stolen proceeds from a reverse mortgage obtained by Florence Puana; (2) stolen funds belonging to Ransen Taito and Ariana Taito; and (3) loan proceeds obtained through banks and credit unions based upon the fraudulent scheme described below.

c.      In order to fund their extravagant lifestyle, between 2007 and 2016, Defendant and K. Kealoha, knowingly devised, with the intent to defraud, schemes to defraud multiple financial institutions and obtain funds by means of materially false pretenses, representations, and promises.

d.      These schemes included falsely claiming assets that belonged to others, falsely inflating their monthly income, and falsely denying derogatory credit in order to convince financial institutions to grant the loans requested by Defendant and K. Kealoha.

e.      On multiple loan applications, as charged in the Third Superseding Indictment, Defendant and K. Kealoha falsely certified that K. Kealoha was the owner of money deposited in American Savings Bank accounts x7131 and x7132. In fact, as Defendant and K. Kealoha knew, the money in those accounts belonged to two children, Ransen Taito and Ariana Taito.

4

f.  Defendant knew that K. Kealoha had access to the Taitos' bank accounts as the court-appointed guardian/trustee over their accounts. Between May 2004 and February 2012, Defendant and K. Kealoha used almost all of the funds belonging to Ransen Taito and Ariana Taito to pay personal expenses of Defendant and K. Kealoha, including spending thousands of the Taitos' dollars on the Kealohas' joint mortgage payment. Defendant knew this money was not theirs to spend.

g.  On multiple loan applications, as charged in the Third Superseding Indictment, in order to inflate their monthly income to increase their chances of being approved for the requested loans, Defendant and K. Kealoha falsely represented that Defendant and K. Kealoha received $2,700 per month in rental income. To support this false representation, Defendant and K. Kealoha submitted a fictitious "Hawaii Residential Lease Agreement," in the name of Minh-Hung "Bobby" Nguyen and Maile Nguyen, to the subject financial institutions.

h.  On multiple loan applications, as charged in the Third Superseding Indictment, in order to overcome poor credit scores and remain eligible for loan consideration, Defendant and K. Kealoha falsely represented that their poor credit was the result of identity theft and inaccurate reporting by credit bureaus. In an attempt to legitimize these falsehoods, the Kealohas submitted a forged HPD police report that purported to document K. Kealoha's claim of identity theft.

i.  Specifically as to Count Four, in or around June 2012, Defendant and K. Kealoha applied to Hawaii Central Federal Credit Union ("HCFCU") for a second mortgage on their residence in the amount of $150,000. As part of this loan application, Defendant and K. Kealoha knowingly devised a scheme to defraud HCFCU and obtain funds by means of the following false pretenses, representations, and promises:

(1)  In June 2012, K. Kealoha submitted a forged "Hawaii Residential Lease Agreement," in the name of Minh-Hung "Bobby" Nguyen and Maile Nguyen, to give the false

5

impression that Defendant and K. Kealoha received rental income every month.

(2)   On or about July 2012, Defendant and K. Kealoha falsely certified in a Form 1003 loan application that they received over $2,700 per month in rental income;

j.   Based on these material false pretenses, representations, and promises, HCFCU granted Defendant and K. Kealoha's mortgage application in the amount of $150,000. Since the amount of the loan was repaid in full, the parties agree that there is no actual loss for purposes of the Guidelines set forth below.

k.   HCFCU was a credit union with accounts insured by the National Credit Union Administration.

l.   Defendant admits that the proceeds from the sale of the residence at 7014 Niumalu Loop, Honolulu, HI 96825, namely $63,476.97, constituted proceeds derived from his criminal conduct in this case, and therefore, are subject to criminal forfeiture.

8.   The facts above are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

## MAXIMUM PENALTIES

9.   Defendant understands that the penalties for the offense to which he is pleading guilty include:

a.   up to 30 years imprisonment;

b.   a fine of up to $1,000,000;

c.   a $100.00 special assessment per count;

    d.     a term of supervised release of up to five years;

    e.     an order of restitution pursuant to 18 U.S.C. § 3663A to pay restitution to the victim(s) of the offense and the estate(s) of the victim(s); and

    f.     forfeiture to the United States of all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the violation.

Defendant agrees to pay $100.00 for the count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

## WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

10.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.     If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would

have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

11. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## DEFENDANT'S REPRESENTATION THAT
## GUILTY PLEA IS KNOWING AND VOLUNTARY

12. Defendant represents that:

8

a.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

b.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

c.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

d.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## APPLICABILITY OF SENTENCING GUIDELINES

13.   Defendant understands that the District Court in imposing a sentence will consider the provisions of the United States Sentencing Guidelines. Defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The

Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.

14.     This Plea Agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant cannot withdraw the plea.

15.     Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.     Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will

recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

<u>Group 1: Conspiracy/Obstruction in CR No. 17-00582 JMS-WRP</u>

| | | |
|---|---|---:|
| a. | Base Offense Level [§ 2X1.1/2H1.1/2J1.2] | 19 |
| b. | SOC – Color of Law [§ 2H1.1(b)(1)(B)] | +6* |
| c. | Vulnerable Victim [§ 3A1.1(b)(1)] | +2* |
| d. | Aggravating Role [§ 3B1.1] | +2* |
| | Total Offense Level for Group 1: | 19/29* |

*The United States will recommend upward adjustments pursuant to USSG §§ 2H1.1(b)(1)(B), 3A1.1(b)(1), and 3B1.1, based on the facts of this case. Defendant is free to oppose only those upward adjustments under USSG §§ 2H1.1(b)(1)(B), 3A1.1(b)(1), 3B1.1, and 3B1.3.

<u>Group 2: Bank Fraud in CR No. 18-00068 JMS-WRP</u>

| | | |
|---|---|---:|
| a. | Base Offense Level [USSG § 2B1.1] | 7 |
| b. | SOC – Loss is Zero [§ 2B1.1(b)(1)(A)] | +0 |
| c. | SOC – Subst. Financial Hardship to ≥ 1 Victim [§2B1.1(b)(2)(A)] | +2 |
| d. | SOC – >$1M From Financial Institution [USSG § 2B1.1(b)(17)] | +2 |
| | Total Offense Level for Group 2: | 11 |

Based on the above calculations, the resulting combined offense levels are as follows:

<u>United States' Combined Offense Levels</u>: Grouping under § 3D1.1 – § 3D1.5

| | | |
|---|---|---:|
| a. | Highest Base Offense Level [§ 3D1.1] | 29 |
| b. | Increase for Multiple Offenses [§3D1.4] | +0 |
| c. | Acceptance of Responsibility | - 2 |
| | Total Grouped Offense Level: | 27 |

<u>Defendant's Combined Offense Levels</u>: Grouping under § 3D1.1- § 3D1.5

a.  Highest Base Offense Level [§ 3D1.1]          19
b.  Increase for Multiple Offenses [§3D1.4]      +1
c.  Acceptance of Responsibility                      - 2
     Total Grouped Offense Level:                        18

17.     Despite paragraph 16 above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

a.      Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

b.      Falsely denies prior criminal conduct or convictions;

c.      Is untruthful with the United States, the Court or probation officer;

d.      Breaches this Plea Agreement or the Sentencing Agreement in CR No. 17-00582-JMS-WRP in any way; or

e.      Transfers or conceals property (or properties) that would otherwise be available for payment of restitution.

f.      Contests any forfeiture or restitution ordered in this case.

18.     The parties agree that the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

## RECOMMENDATIONS REGARDING CUSTODY

19.     The United States will recommend that Defendant be sentenced within the advisory guideline range as calculated by the United States at the time of sentencing. The United States further agrees to recommend that the sentence imposed in this case run concurrent to Defendant's sentence in CR No. 17-00582 JMS-WRP.

20.     Defendant may not recommend additional downward adjustments or departures. Defendant may request a sentencing reduction under 18 U.S.C. § 3553.

## CRIMINAL FORFEITURE

21.     Defendant's conviction will include forfeiture.

     a.     Penalty.   In addition to the penalties in this Agreement, federal law states Defendant must forfeit all rights, title, and interest in any and all properties involved in or traceable to the commission of the offenses as charged in the Third Superseding Indictment.

     b.     Property Subject to Forfeiture.   As part of Defendant's guilty plea to Count Four of the Third Superseding Indictment, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to:

       (1)   A money judgment in the amount of $228,746.79 representing the proceeds Defendant obtained from the offense set forth in Count Three;

(2)   The total amount of proceeds obtained directly or indirectly as a result of the offense of conviction, including but not limited to $63,476.97 in proceeds from the sale of Defendant's residence located at 7014 Niumalu Loop, Honolulu, HI 96825;

(3)   All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A," as shown on File Plan No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less; and,

(4)   A Rolex Two-Tone Submariner Watch with Blue Dial Large Karat Gold, Serial Number V864527.

c.   <u>Basis of Forfeiture</u>. In addition to the specific items of property described in ¶ 21(b)(2), (b)(3), and (b)(4) which Defendant admits are proceeds of the offense of conviction, Defendant admits the additional $228,746.79 criminal forfeiture judgment represents proceeds of bank fraud as described in Count Four of the Third Superseding Indictment and as admitted in this Agreement, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c). Defendant further agrees that the conditions for substitution of assets for the full amount of the money judgment as set forth in 21 U.S.C. § 853(p), as incorporated 28 U.S.C. § 2461(c) exist and the Government may execute and collect the judgment against any and all other property up to the full amount of the forfeiture judgment.

//

14

d.    Immediate Entry of Preliminary Order of Forfeiture.   Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant agrees not to pursue any interest in the properties during any ancillary proceeding pursuant to 21 U.S.C. § 852(n).   Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the Plea Agreement, relieving the Government of all its obligations under the Agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

Defendant further agrees to use his best efforts to pay the judgment. Defendant shall provide the United States with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement.   The financial statement shall disclose to the United States all of assets

15

and financial interests valued at more than $1,000. Defendant understands that these assets and financial interests include all assets and financial interests in which defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which Defendant has transferred to third parties or diverted from himself or co-defendant Katherine Kealoha directly or indirectly to third parties, since January 1, 2017, including the exact asset(s) transferred, date of transfer, location of the assets and the full and complete identity of any third party who received a transfer including full name, telephone number(s), and addresses.

e.    Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents to and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts the guilty plea.

f.    Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct

16

appeal, habeas corpus, and any other means) to any forfeiture carried out in accordance with this Agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

g.    <u>Agreement Survives Defendant; No Forfeitable Abatement</u>. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant, notwithstanding abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this Agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

Defendant acknowledges and agrees that the forfeiture in this case includes entry of a criminal forfeiture judgment against him in the amount of $228,746.79. Interest shall accrue on the judgment from the date of entry of the Order of Forfeiture and shall accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. Defendant agrees that the United States may take any and all actions available to it to collect the full amount of the judgment, including, but not limited to enforcement

of the judgment against substitute assets as provided in 21 U.S.C. § 853(p) and actions available under the Federal Debt Collections Procedure Act. Defendant further agrees that the judgment may be executed against property wherever it is held and it waives all rights to contest the enforcement of the judgment against property(ies) and asset(s) located in foreign jurisdictions.

RESTITUTION

22.     Defendant agrees to pay restitution on the following terms:

a.     The crime to which Defendant is pleading guilty in Count Four of the Third Superseding Indictment requires an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victims of the offense of conviction or the estate(s) of the victims. However, there is no actual loss to the victim of Count Four, and therefore, the parties agree no restitution is owed for this count of conviction.

b.     The Court may also order restitution to persons other than the victims of the offense of conviction. Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges.  The parties agree Defendant shall be liable for restitution for all relevant conduct losses and victims. The amount of restitution ordered by the Court shall include restitution to any person directly

harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

   c. The parties estimate the amount of restitution will be $165,269.82 to persons other than the victim of Count Four, the offense to which Defendant has pled guilty. Accordingly, the parties will jointly recommend that Defendant pay restitution in the amount of $165,269.82 to the persons described below. Defendant understands that this is only an estimate based on currently available information, and the Court may impose restitution of any amount. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea.

   d. The parties agree to recommend that restitution be paid joint and several with co-defendant Katherine P. Kealoha.

   e. The parties agree that interest will not accrue on the restitution judgment.

   f. Notwithstanding any Court order for scheduled payments of restitution, Defendant agrees the total amount of restitution shall be due immediately. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all

available collection remedies at any time.   Defendant waives demand for payment of the restitution and forfeiture judgment.

g.      Restitution shall be paid to or on behalf of the following persons:

| Victims | Amount |
| --- | --- |
| Ransen Taito | $81,384.91 |
| Ariana Taito | $83,884.91 |

h.      Restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

i.      The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of his tax returns until restitution is paid in full and will promptly execute any documents necessary to carry out this authorization.

j.      Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

k.      Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and

financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to September 15, 2019), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since January 1, 2017, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets. Defendant will provide complete, updated financial information promptly upon request.

l.    From the date this plea agreement is executed until restitution is paid in full, Defendant shall immediately notify the Asset Recovery Section, United States Attorney's Office, of any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

m.    Defendant shall notify the Asset Recovery Section, United States Attorney's Office, at least 30 days before Defendant transfers any interest in property owned directly or indirectly by Defendant worth over $1,000, including any interest held or owned under any other name or entity, including trusts, partnerships, or

corporations. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

n.      Defendant shall immediately notify the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition.

o.      Defendant understands that restitution is delinquent until paid in full. Until restitution is paid in full, Defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay Defendant's unpaid restitution. Defendant consents to entry of the restitution and forfeiture judgment into the Treasury Offset Program and waives all notices and rights to contest any and all offsets until both the restitution and forfeiture judgments are paid in full.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

23.     In exchange for the United States' concessions in this plea agreement, Defendant knowingly waives (gives up), to the full extent of the law, all rights to appeal and collaterally attack every aspect of his conviction and any sentence within the maximum provided in the statute of conviction, including any restitution and forfeiture orders, in this matter and in CR No. 17-00582 JMS-WRP. The only exception is that Defendant may collaterally attack his conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If at any time

22

Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

24.     The United States retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## BREACH OF THE PLEA AGREEMENT

25.     Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

26.     Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

        a.    Failing to plead guilty pursuant to this agreement;

        b.    Failing to abide by the sentencing agreement entered into in CR No. 17-00582 JMS-WRP;

        c.    Failing to fully accept responsibility as established in this Agreement;

d.      Failing to appear in court;

e.      Attempting to withdraw the plea;

f.      Failing to abide by any court order related to this case;

g.      Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of the terms in this Plea Agreement or the Sentencing Agreement entered into in CR No. 17-00582 JMS-WRP; or

h.      Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

27.     If Defendant breaches this Plea Agreement or the Sentencing Agreement in CR No. 17-00582 JMS-WRP, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this Plea Agreement and the Sentencing Agreement in CR No. 17-00582 JMS-WRP. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty

plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

28.     Additionally, if Defendant breaches this Plea Agreement or the Sentencing Agreement in CR No. 17-00582 JMS-WRP: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Paragraph 7 of this Agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this plea agreement or any charge(s) that the United States agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

29.     In the event that the Defendant does not breach any of the terms of this Agreement or the Sentencing Agreement in CR No. 17-00582 JMS-WRP, but the Court nonetheless refuses to accept this Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States

pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

### OTHER PROVISIONS

30.     Defendant agrees that he will fully cooperate with the United States in the investigation and prosecution of others, *see attached* ADDENDUM.

31.     Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

      a.     The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b.     This agreement does not require the prosecution to make such a request or motion.

      c.     This agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

      d.     Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines.

32.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

33.     Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

34.     This Plea Agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this Plea Agreement shall be effective unless in writing signed by all parties.

35.     By signing this agreement, Defendant certifies that Defendant has read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//

//

//

36.     Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

DATED: Honolulu, Hawaii, _____21 October 2019_____.

AGREED:

WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney

_____
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

_____
LOUIS M. KEALOHA
Defendant

_____
RUSTAM A. BARBEE, Esquire
Attorney for Defendant L. KEALOHA