# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS M. KEALOHA (2),<br><br>Defendant. | CR. NO. 18-00068 JMS-WRP<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

### PRELIMINARY ORDER OF CRIMINAL FORFEITURE

Having reviewed the foregoing Motion of the United States for Issuance of a Preliminary Order of Criminal Forfeiture, and good cause appearing,

The Motion is hereby GRANTED. The Court makes the following findings, conclusions and orders:

1. On or about September 19, 2019, a Third Superseding Indictment was returned against Defendant LOUIS M. KEALOHA (2) ("Defendant"). The Third Superseding Indictment charged Defendant with Bank Fraud, in violation of 18 U.S.C. § 1344, and alleged criminal forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(A), 982(b) and 28 U.S.C. § 2461(c).

2. On or about October 22, 2019, Defendant pled guilty before this Court to Count Four of the Third Superseding Indictment, consented to the forfeiture

1

allegations of the Third Superseding Indictment, and agreed to forfeit all property seized in connection with this case, including, but not limited to:

    (1) A money judgment in the amount of $228,746.79 representing the proceeds Defendant obtained from the offenses set forth in Counts Three and Ten;

    (2) The total amount of proceeds obtained directly or indirectly as a result of the offense of conviction, including but not limited to $63,476.97 in proceeds from the sale of Defendant's residence located at 7014 Niumalu Loop, Honolulu, HI 96825;

    (3) All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A," as shown on File Plan No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less; and,

    (4) A Rolex Two-Tone Submariner Watch with Blue Dial Large Karat Gold, Serial Number V864527.

    3.    By virtue of Defendant's guilty plea to 18 U.S.C. § 1344 and the Court's findings, the United States is now entitled to forfeiture from Defendant of the proceeds of the offenses of conviction, including a forfeiture money judgment in the amount of $228,746.79, pursuant to 18 U.S.C. §982(a)(2)(A) and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

    4.    In his guilty plea, Defendant agreed to the provisions for the substitution of assets as provided in 18 U.S.C. § 982(b), which incorporates 21 U.S.C. § 853(p),

and agreed the United States may take actions to collect the $228,746.79 forfeiture amount.

5. By virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States established the requisite nexus between the forfeitable properties and the offenses.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title and interest of Defendant LOUIS M. KEALOHA in the following assets are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n). The U.S. Marshals Service is hereby authorized to take control of item (3), and take custody of items (2) and (4) forthwith and maintain them in its secure custody and control pending ancillary proceedings, which will resolve the interest of any third parties claiming an interest in the property(ies):

> (2) The total amount of proceeds obtained directly or indirectly as a result of the offense of conviction, including but not limited to $63,476.97 in proceeds from the sale of Defendant's residence located at 7014 Niumalu Loop, Honolulu, HI 96825;
>
> (3) All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A," as shown on File Plan No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less; and,

      (4)    A Rolex Two-Tone Submariner Watch with Blue Dial Large Karat Gold, Serial Number V864527.

2.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

3.    Pursuant to the Attorney General's authority under 21 U.S.C. § 853(n)(1), Fed. R. Crim. P. 32.2(b)(6), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the properties, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

7. In addition to forfeiture of the assets described above, a forfeiture money judgment in the amount of $228,746.79 shall be entered against Defendant LOUIS M. KEALOHA, pursuant to 18 U.S.C. §982(a)(2)(A) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

8. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture, including enforcement of collection and substitution of assets against the forfeiture money judgment.

9. Defendant's forfeiture money judgment shall be joint and several with his co-defendant, Katherine P. Kealoha, and any payment or collection on the forfeiture order of $228,746.79 by or against either Defendant Louis M. Kealoha or his co-defendant, Katherine P. Kealoha, shall be credited to the forfeiture money judgment entered against each defendant.

10. The United States may, at any time, move pursuant to Rule 32.2(e) to amend the Order of Forfeiture to substitute property having a value not to exceed $228,746.79 to satisfy the forfeiture money judgment in whole or in part.

11. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 25, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kealoha, et al.*, Cr. No. 18-00068 JMS-WRP (02), Preliminary Order of Criminal Forfeiture