# MINUTES

| | |
|---|---|
| CASE NUMBERS: | 1:17-cr-00582-JMS-WRP-2 <br> 1:18-cr-00068-JMS-WRP-2 |
| CASE NAMES: | United States of America v. (02) Louis M. Kealoha <br> United States of America v. (02) Louis M. Kealoha |
| ATTYS FOR PLA: | Michael Wheat <br> Joseph J.M. Orabona |
| ATTY FOR DEFT: | Rustam Barbee |
| U.S. Probation Officer: | Darsie J.T. Ing-Dodson |

| | | | |
|---|---|---|---|
| JUDGE: | J. Michael Seabright | REPORTER: | Cynthia Fazio |
| DATE: | 11/30/2020 | TIME: | 1:30 pm - 3:00 pm |

COURT ACTION:  EP: Sentencing as to Counts 1, 2, 6, and 8 of the First Superseding Indictment under CR17-582; and Count 4 of the Third Superseding Indictment under CR18-68 as to Defendant Louis M. Kealoha held.

Defendant present, not in custody.

Discussion held.

Memorandum of Plea Agreement accepted by the Court.

Discussion held regarding objections to the Presentence Report.  For reasons stated on the record, government's objection regarding minor role in bank fraud case - SUSTAINED, and Defendant's objections regarding aggravated role in mailbox offense and offense level increased to 24 - OVERRULED.

Court adopted the factual findings and guideline calculations as stated in the Presentence Report.

Allocution by the Defendant.

Eric Seitz, Esq., counsel for Mr. Gerard Puana, read Mr. Puana's written statement to the Court.

Ms. Charlotte Malott addressed the Court on behalf of Florence Puana estate and the Puana family.

<u>As to CR17-00582-JMS-WRP</u>:
Defendant Louis M. Kealoha was found guilty as to Counts 1, 2, 6, and 8 of the First Superseding Indictment, and not guilty as to Counts 3 and 10 of the First Superseding Indictment after a trial by jury on June 27, 2019, and was adjudged guilty.

<u>As to CR18-00068-JMS-WRP</u>:
Defendant Louis M. Kealoha pled guilty to Count 4 of the Third Superseding Indictment.

Fine: None imposed.

Restitution: $237,698.56

Special Assessment: $500.00 ($100.00 per count)

ADJUDGED:
Imprisonment: 84 MONTHS as to each of Counts 2, 6, and 8 under CR17-582 and Count 4 under CR18-68; and 60 MONTHS as to Count 1 under CR17-582, with all counts to run concurrently.

Supervised Release: 3 YEARS as to each count, with all counts to run concurrently.

Mandatory and Standard Conditions of Supervised Release, including the following conditions:

> Since you do not have a recent history of substance abuse and the offense is not drug-related, it is recommended that the Court waive the mandatory drug test condition: You must submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition)
>
> You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)
>
> You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

Special Conditions of Supervised Release:

1. You must participate in a mental health assessment, and any recommended treatment in a mental health program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will

supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2. Restitution is due, less any amounts paid, jointly and severally with codefendant Katherine P. Kealoha, as follows:

| Case No. | Restitution Amount By Case | Victim | Restitution Amount By Victim |
|---|---|---|---|
| CR 17-00582JMS-WRP | $289,714.96 x 0.25 $72,428.74 | Gerard Puana Estate of Florence Puana | $11,565.25 + $60,863.49 $72,428.74 |
| CR 18-00068JMS-WRP | $165,269.82 | Ransen Taito Ariana Taito | $81,384.91 + $83,884.91 $165,269.82 |
|  |  | **Grand Total** | **237,698.56** |

Restitution payments of $7,500.00 per month shall commence 30 days after the start of any term of imprisonment and continue during the period of incarceration. After you are released from incarceration, any unpaid balance is to be paid during the period of supervision in monthly installments of 50% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

3. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

5. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

6. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

7. You must notify the probation officer if you obtain an interest in any property under any other name or entity, including a trust, partnership, or corporation. You must notify the probation officer before transferring any property you own, directly or indirectly, including any interest held under any other name or entity, including a trust, partnership, or corporation.

8. You must not communicate, or otherwise interact, with Gerard Puana, Ransen Taito, Ariana Taito, or CPM, either directly or through someone else, without first obtaining the permission of the probation officer.

9. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

JUDICIAL RECOMMENDATION: 1) Sheridan FCI (to be near family).

Restitution shall be less credits and/or offsets, if any, as stated by the Government.

Preliminary Order of Criminal Forfeiture, filed on 11/25/2020 under CR18-00068-JMS-WRP to be made a part of the Judgment.

Defendant advised of his right to appeal.

Government's oral motion to dismiss remaining counts under CR18-00068-JMS-WRP-1 - GRANTED.

Discussion held mittimus date.  Given the current COVID health crisis, mittimus date will be extended. Mittimus stayed until 04/12/2021.

Defendant to self-surrender to the facility designated by the Bureau of Prisons on 04/12/2021 by 2:00 p.m. The time is the time of the facility.

Defendant shall remain on previously imposed conditions of release until the mittimus date of 04/12/2021.


Submitted by: Renee L.F. Honda, Courtroom Manager