IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS M. KEALOHA (02),<br><br>Defendant. | CR. NO. 17-00582 JMS<br>CR. NO. 18-00068 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c) |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)**

Before the court is pro se Defendant Louis M. Kealoha's

("Defendant") "Motion for Reduction of Sentence Pursuant to First Step Act 18

USC Section 3582(c)." *See* ECF No. 1199 in Cr. No. 17-00582 and ECF No. 317

in Cr. No. 18-00068 ("Motion").[1]  For the following reasons, the Motion is

DENIED.[2]

Defendant claims that he is eligible for a reduced sentence based on a

retroactive amendment of guideline § 4C1.1, which provides for a 2-level

---

[1] Defendant filed the Motion on February 12, 2024, and the United States filed a response in opposition on March 7, 2024.  ECF Nos. 1199 & 1201 in Cr. No. 17-000582 and ECF Nos. 317 & 319 in Cr. No. 18-00068.  The court decides the matter without a hearing pursuant to Criminal Local Rule 12.2(a)(1).

[2] This Order assumes a basic familiarity with the United States Sentencing Guidelines ("USSG" or "guidelines").

downward adjustment for "Certain Zero-Point Offenders"—that is, defendants with no criminal history whose offenses fit within the guideline's specific criteria. *See* USSG § 4C1.1(a).  Defendant moves the court to apply this amendment to reduce his offense level by two levels, recalculate his guideline range, and resentence him after weighing the relevant 18 U.S.C. § 3553(a) factors.  But, as set forth below, Defendant is not eligible for a § 4C1.1(a) two-level reduction, and consequently, the court cannot modify his sentence.  And, even if Defendant was eligible for a reduced sentence, the court would deny the Motion after a consideration of the relevant 18 U.S.C. § 3553(a) factors.

On November 30, 2020, Defendant was sentenced in two separate cases—Cr. No. 17-00582 (regarding obstruction of justice) and Cr. No. 18-00068 (regarding bank fraud)—to a total of 84 months imprisonment.  *See* ECF No. 1031 in Cr. No. 17-00582 & ECF No. 252 in Cr. No. 18-00068.  He was sentenced in both cases based on a single Presentence Report ("PSR").  ECF No. 962 in Cr. No. 17-00582 & ECF No. 219 in Cr. No. 18-00068.  The PSR calculated Defendant's guidelines based on two groups of conduct:  "Count Group 1" relating to the obstruction of justice in Cr. No. 17-00582; and "Count Group 2" relating to the bank fraud in Cr. No. 18-00068.  After each group was assigned an adjusted offense level (24 for Count Group 1 and 22 for Count Group 2), a multiple count adjustment of 2 levels was applied.  That 2 level adjustment was then added to the

highest of Count Group 1 or 2 (which, in this case, was 24 for Count Group 1), for

a combined adjusted offense level of 26. *Id.* After receiving a two-level decrease

for acceptance of responsibility, Defendant's total offense level was 24, with a

criminal history category I. The court then varied upward from the guideline range

of 51-63 months to a 84 month term of incarceration. *See* ECF No. 1140 in Cr.

No. 17-00582.

"Ordinarily, a federal court 'may not modify a term of imprisonment

once it has been imposed.'" *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th

Cir. 2019) (quoting 18 U.S.C. § 3582(c)). A district court may, however, modify

an imposed sentence "in the case of a defendant who has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission . . . ." *United States v. Wilson*, 8 F.4th 970, 973 n.2

(9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(2)).

Section 3582(c) provides a two-step analysis for determining whether

a defendant is entitled to a sentence reduction. In the first step, the court "decides

eligibility by determining whether a reduction is consistent with . . . [USSG]

§ 1B1.10, the policy statement that implements § 3582(c)(2)." *See Dillon v.*

*United States*, 560 U.S. 817, 826 (2010). Such reduction "is not authorized under

18 U.S.C. § 3582(c)(2) . . . if: . . . the amendment does not have the effect of

lowering the defendant's applicable guideline range because of the operation of

another guideline or statutory provision." USSG § 1B1.10, comment. (n.1(A)).  In

the second step, the reviewing court considers all applicable § 3553(a) factors and

exercises its discretion in determining whether "the authorized reduction is

warranted, either in whole or in part." *Dillon*, 560 U.S. at 826; *Rodriguez*, 921

F.3d at 1153; *see also* 18 U.S.C. § 3582(c)(2) (internal quotation marks omitted).

The court's consideration "may not 'serve to transform the proceedings under

§ 3582(c)(2) into plenary resentencing proceedings.'" *Dillon*, 560 U.S. at 826.

Here, the "Zero-Point Offender" adjustment criteria under § 4C1.1(a)

*excludes* a defendant who received "an adjustment under § 3B1.1 (Aggravating

Role) and was not engaged in a continuing criminal enterprise, as defined in 21

U.S.C. § 848."[3]  Defendant received such a 3-level upward adjustment for playing

a direct role, as the City and County of Honolulu Chief of Police, in selecting and

appointing subordinate officers over whom he had authority and control to take

specific criminal actions.  *See* Cr. No. 17-00582, ECF No. 962 at PageID.11732

---

[3] This language precludes application of the Zero-Point Offender adjustment to any
defendant who *either* has an aggravating role adjustment *or* engaged in a continuing criminal
enterprise. *See United States v. Astaiza*, 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024);
*United States v. Quinonez-Quintero*, 2024 WL 939928, at *1 (D. Kan. Mar. 5, 2024); *United
States v. Castaneda Mendez*, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024); *United States v.
Gordon*, 2023 WL 8601494, at *3 (D. Me. Dec. 12, 2023); *see also United States v. Nobari*, 574
F.3d 1065, 1083–84 (9th Cir. 2009) (applying same rule to safety-valve eligibility under USSG
§ 5C1.2, which has a similar disqualifier of a defendant who was "an organizer, leader, manager,
or supervisor of others in the offense . . . and was not engaged in a continuing criminal
enterprise, as defined in 21 U.S.C. § 848"); *United States v. Lynch*, 903 F.3d 1061, 1084 (9th Cir.
2018); *United States v. Draheim*, 958 F.3d 651, 658 (7th Cir. 2020); *United States v. Bazel*, 80
F.3d 1140, 1144–1145 (6th Cir. 1996).

(PSR ¶ 133).  This adjustment was applied to "Count Group 1" for Defendant's

conviction relating to obstruction of justice.  *Id*.  Thus, applying the exclusion to

that "Count Group I" conduct, Defendant is not eligible for a "Zero Point

Offender" adjustment.

   In contrast, for "Count Group 2," relating to Bank Fraud, Defendant

did not receive any aggravating role adjustment.  And although he might have been

eligible for the Zero-Point Offender adjustment if he had been convicted only of

bank fraud, the manner in which the guidelines apply does not permit the reduction

here.  Specifically, under USSG § 1B1.1(a), the court must apply the guidelines in

the following order:

> (1) Determine, pursuant to § 1B1.2 (Applicable
> Guidelines), the offense guideline section from Chapter
> Two (Offense Conduct) applicable to the offense of
> conviction. See § 1B1.2.
>
> (2) Determine the base offense level and apply any
> appropriate specific offense characteristics, cross
> references, and special instructions contained in the
> particular guideline in Chapter Two in the order listed.
>
> (3) Apply the adjustments as appropriate related to
> victim, role, and obstruction of justice from Parts A, B,
> and C of Chapter Three.
>
> (4) If there are multiple counts of conviction, repeat steps
> (1) through (3) for each count. Apply Part D of Chapter
> Three to group the various counts and adjust the offense
> level accordingly.

(5) Apply the adjustment as appropriate for the defendant's acceptance of responsibility from Part E of Chapter 3.

(6)  Determine the defendant's criminal history category as specified in Part A of Chapter Four.  Determine from Part B of Chapter Four any other applicable adjustments.

. . . .

USSG § 1B1.1(a).

In other words, when determining Defendant's total offense level, the court first determines the guideline range, including a determination of the *combined* adjusted offense level after making a multiple count adjustment under § 3D1.4—and only *after* that calculation is made does the court apply any Chapter 4 adjustments (such as the adjustment Defendant seeks to invoke here under § 4C1.1).[4]  Under this framework, because Defendant received an upward adjustment for role in the offense in Cr. No. 17-00582, he would not be entitled to a reduction under § 4C1.1 for being a Zero-Point Offender.  *Cf. United States v. Ginn*, 87 F.3d 367, 370–71 (9th Cir. 1996) (applying § 1B1.1 and finding that because an adjustment for acceptance of responsibility is made only after the combined offense level is computed, courts do not calculate acceptance of responsibility for each offense separately).

---

[4]  Although § 1B1.1(a)(6) does not specifically mention Part C of Chapter Four (where § 4C1.1 is contained), it is nonetheless clear that Chapter Four adjustments apply only after the multiple count adjustment under § 4D1.4 has been calculated.

6

Defendant is thus not eligible for a § 4C1.1 sentence reduction. *See, e.g.*, *United States v. Hernandez*, 2023 WL 8701094, at *1–2 (D. Haw. Dec. 15, 2023) (finding defendant who received aggravating role adjustment disqualified for Zero-Point Offender downward adjustment); *United States v. Ferreira*, 2024 WL 989591, at *2 (D. Haw. Mar. 7, 2024); *United States v. Gonzalez-Cardenas*, 2024 WL 666343, at *2 (S.D. Cal. Feb. 16, 2024); *United States v. Read-Forbes*, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024); *United States v. Azocar*, 2024 WL 184439 at *1 (E.D. Pa. Jan. 17, 2024).

Regardless, even assuming the Zero-Point Offender 2-level downward adjustment could apply to Count Group 2 standing alone (that is, apply to Count Group 2, but not Count Group 1), Defendant's total offense level would not change. Specifically, his adjusted offense level for Count Group 1 would be unchanged at 24, and his adjusted offense level for Count Group 2 would be reduced from 22 to 20. *See* Cr. No. 17-00582, ECF No. 962 at PageID.11735. Count Group 1, with the highest offense level (again, offense level 24), receives 1 unit. USSG § 3D1.4. Count Group 2, whether at an adjusted offense level 20 or 22, would also receive one unit. *Id*. ("Count as one Unit the Group with the highest offense level. Count one additional Unit for each Group that is equally serious or from 1 to 4 levels less serious."). Thus, even if the court reduced the

offense level for Count Group 2, the court would still add 2 levels to the combined offense level (based on a total of 2 units).  *Id*.

Furthermore, given that Kealoha repeatedly abused his position of trust as the City and County of Honolulu Chief of Police, *even if* the two-level downward adjustment in § 4C1.1 applied, the court would exercise its discretion and deny the Motion.  That is, at the next step of the analysis, the court would find that the reduction, if authorized, is unwarranted after a full consideration of the § 3553(a) factors.  *See* Cr. No. 17-00582, ECF No. 1140 at PageID.17937–48 (setting forth the court's detailed discussion of the § 3353(a) factors at sentencing, including the court's rationale for varying upward from the guideline range).

Accordingly, Defendant's Motion for Reduction of Sentence, ECF No. 1199, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 13, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Kealoha*, Cr. No. 17-00582 JMS, Cr. No. 18-00068 JMS; Order Denying Defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)